UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――

KATELYN GENTNER,

                              Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

                              Defendants.

―――――――――――――――――

**REPORT AND
RECOMMENDATION**

**Case No. 1-20-cv-00747-LJV-JJM**

          Before the court is defendant Navient Solutions, Inc.'s motion for summary

judgement [28],[1] which has been referred to me by District Judge Lawrence J. Vilardo for initial

consideration [7]. Having reviewed the parties' submissions [28, 32, 33], for the following

reasons I recommend that the motion be granted in part and denied in part.

## BACKGROUND

          The Telephone Consumer Protection Act ("TCPA") makes it unlawful "to make

any call (other than a call made for emergency purposes or made with the prior express consent

of the called party) using any automatic telephone dialing system *or* an artificial or prerecorded

voice . . . to any telephone number assigned to a . . . cellular telephone service . . . unless such

call is made solely to collect a debt owed to or guaranteed by the United States". 47 U.S.C.

§227(b)(1)(A) (emphasis added). Plaintiff Katelyn Gentner alleges that Navient violated the

TCPA placing calls to her cell phone, without her consent, both by using an automatic telephone

dialing system, and/or by using a prerecorded voice. Complaint [1].

――――――――――――

[1]      Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF
pagination.

In moving for summary judgment, Navient first argues that it does not utilize an automatic telephone dialing system ("ATDS") (Navient's Memorandum of Law [28-1], Point IV(B)), and secondly, that Gentner has no evidence that its calls utilized a prerecorded voice. Id., Point IV(C). In opposing the motion. Gentner argues that she needs discovery to determine whether Navient utilizes an ATDS (Andrews Affirmation [32-1]), and that Navient repeatedly made prerecorded calls to her cell phone without her consent. Gentner Affidavit [32].

**DISCUSSION**

**A.      Use of an ATDS.**

"To qualify as an 'automatic telephone dialing system' [for purposes of the TCPA] a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." Facebook, Inc. v. Duguid, 141 S. Ct. 1163, 1167 (2021). In support of its motion, Navient submits the Declaration of its Vice President, Joshua Dries, who states that the system which it utilizes "is incapable of storing or producing numbers to be called using a random or sequential number generator, and then dialing those numbers". Dries Declaration [28-3], ¶11.

Gentner does not directly challenge that statement. Instead, she argues that she has been deprived of the discovery necessary to test its validity. Andrews Affirmation [32-1]. However, my September 25, 2020 Case Management Order [9], issued after consultation with the parties, set March 2, 2021 as the deadline for completion of fact discovery. Id., ¶7. By Decision and Order dated March 8, 2021 [19], I denied Gentner's motion to extend that deadline, concluding that she had not established good cause for an extension.

Her objections to that decision [21] are currently pending before Judge Vilardo, and unless those objections are sustained, there is no basis for allowing her to obtain the

discovery which she failed to timely seek earlier. Since at this point Joshua Dries' Declaration stands uncontested, I recommend that Gentner's claim be dismissed to the extent that it is based upon Navient's use of an ATDS.

**B.      Evidence of Prerecorded Calls**

Navient argues that Gentner "lacks any evidence of prerecorded voice calls which she claims she received without her consent", noting that she "has never produced any evidence that such calls were made". Navient's Memorandum of Law [28-1] at 3, 9.

Fed. R. Civ. P. ("Rule") 26(a)(1)(A)(ii) requires each party to "provide to the other parties . . . a copy -- or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment". Pursuant to that Rule, Gentner disclosed that she possessed "[r]ecordings of voicemails left on [her] cellular phone by [Navient]". [33-1], ¶¶2(h). Although Navient could have requested production of those recordings, it "failed to conduct any discovery whatsoever during the applicable time period allotted in the Case Management Order". Gentner's Memorandum of Law [32-4] at 3.

Therefore, Navient has failed to demonstrate that no such evidence exists. "[W]hen a defendant moves for summary judgment, it is the *defendant* who must show entitlement to judgment, notwithstanding that, at trial, the plaintiff will have the burden of proving every element of its claim. The mere assertion by a defendant moving for summary judgment that the plaintiff has not produced any evidence to support an essential element of the plaintiff's claim does not satisfy the burden that Rule 56(a) imposes." Nick's Garage, Inc. v. Progressive Casualty Insurance Co., 875 F.3d 107, 115 (2d Cir. 2017) (emphasis in original).

"A plaintiff is under no obligation to produce its evidence prior to trial, unless such an obligation arose in response to a discovery demand (or a court order) requiring the plaintiff to set forth the evidence supporting its claim. A moving defendant's mere assertion that a plaintiff has not produced evidence that could prove its claim fails to show that the plaintiff lacks the necessary evidence, unless defendant also shows that plaintiff was obligated by discovery demand or court order to produce the evidence or that he voluntarily undertook to make the showing." Id. Therefore, while Gentner will be required to produce the original recordings at trial (*see* Fed. R. Evid. 1002), she need not do so now.

Rule 26(a)(1)(A)(iii) also requires disclosure of "a computation of each category of damages claimed by the disclosing party". While Gentner's Complaint seeks, *inter alia*, statutory damages of $500 per call as well as treble damages ([1], ¶¶34, 35), her Rule 26 disclosure stated that "[i]t is undetermined at this time what [her] damages are; as discovery is needed on the number of autodialed calls to [her] cellular telephone and whether or not it is determined that the calls were willful, entitling [her] to treble damages". [33-1], ¶3.

Navient argues that "in the absence of any information regarding the number of alleged prerecorded voice messages which were left, [Gentner] has no basis to set forth a claim for damages". Navient's Memorandum of Law [28-1] at 9. Therefore, since Gentner failed to conduct discovery, her damages will be limited to statutory damages for each prerecorded call in her possession.

## CONCLUSION

For these reasons, I recommend that Navient's motion [28] be denied to the extent that it seeks dismissal of Gentner's claims to statutory damages for each prerecorded call in her possession, but otherwise granted. Unless otherwise ordered by Judge Vilardo, any objections to

this Report and Recommendation must be filed with the clerk of this court by October 5, 2021.

Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails

to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v.

Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

       Moreover, the district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal

Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

       The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local

Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either

certifying that the objections do not raise new legal/factual arguments, or identifying the new

arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply

with these provisions may result in the district judge's refusal to consider the objections.


Dated:  September 21, 2021             _____/s/ Jeremiah J. McCarthy_____
                                   JEREMIAH J. MCCARTHY
                                   United States Magistrate Judge