UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KATELYN GENTNER,

         Plaintiff,

   v.                                         20-CV-747-LJV-JJM
                                                DECISION & ORDER

NAVIENT SOLUTIONS, INC.,

         Defendant.
_____

On June 17, 2020, the plaintiff, Katelyn Gentner, commenced this action under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(3). Docket Item 1. On August 18, 2020, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 7.

On September 25, 2020, Judge McCarthy issued a case management order ("CMO") with a deadline of March 2, 2021, for the close of fact discovery. Docket Item 9. The CMO noted that

> **[n]o extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party."**

*Id.* at 3-4 (emphasis in original) (quoting *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000)).

On February 26, 2021, the defendant, Navient Solutions, Inc. ("Navient"), moved to stay all proceedings and deadlines pending the United States Supreme Court's decision in *Facebook, Inc., v. Dugid,* No. 19-511.[1]  Docket Item 15.  That same day, Judge McCarthy issued a text order requiring Gentner to respond to Navient's motion by March 5, 2021, and noting that "[u]nless ordered otherwise, the deadlines of the [CMO], including the March 2, 2021 deadline for the completion of fact discovery, remain in effect."  Docket Item 16.  Hours before the discovery deadline expired, Gentner moved, with Navient's consent, to extend the fact discovery deadline until May 3, 2021.  Docket Item 17.  On March 5, 2021, Gentner responded to Navient's motion to stay.  Docket Item 18.

On March 8, 2021, Judge McCarthy issued a decision and order denying both Navient's motion for a stay and Gentner's motion to extend the deadline for fact discovery.  Docket Item 19.  On March 22, 2021, Gentner asked Judge McCarthy to reconsider his decision and order and objected to the decision and order as well.  Docket Items 20 and 21.  On March 26, 2021, Judge McCarthy denied Gentner's motion for reconsideration, Docket Item 22, but the objection to this Court remained pending.

On August 2, 2021, Navient moved for summary judgment.  Docket Item 28.  On September 7, 2021, Gentner responded, Docket Item 32, and on September 14, 2021, Navient replied, Docket Item 33.  On September 21, 2021, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Navient's motion should be granted in part and denied in part.  Docket Item 34.  More specifically, Judge McCarthy

---

[1] The Supreme Court decided *Facebook v. Duguid* on April 1, 2021.  See 141 S.Ct. 1163 (2021).

recommended that "Navient's motion . . . be denied to the extent that it seeks dismissal of Gentner's claims to statutory damages for each prerecorded call in her possession, but otherwise granted." *Id.* at 4.

On October 5, 2021, Gentner objected to the R&R on the grounds that (1) before issuing the R&R, Judge McCarthy should have waited for this Court's decision on Gentner's objection to Judge McCarthy's decision and order regarding the discovery deadline; and (2) Gentner should not be limited to evidence in her possession regarding statutory damages for each prerecorded call. Docket Item 35. On October 27, 2021, Navient responded to the objections. Docket Item 37. Gentner did not reply, and the time to do so has passed. *See* Docket Item 36.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objections, response, and reply; and the materials submitted to Judge McCarthy. Based on that *de novo* review, the Court adopts in part and modifies in part Judge McCarthy's recommendation. More specifically, this Court accepts and adopts Judge McCarthy's recommendation regarding Gentner's automatic telephone dialing system ("ATDS") claim and grants Navient's motion for summary judgment with respect to that claim. This Court accepts in part and modifies in part Judge McCarthy's recommendation regarding Gentner's claim based on pre-recorded calls and denies Navient's motion with respect to that claim. The Court also overrules Gentner's

objection to Judge McCarthy's decision and order denying her motion to extend the deadline for the close of fact discovery.

## DISCUSSION

The Court assumes the reader's familiarity with the factual background of this case and Judge McCarthy's analysis in the R&R, *see* Docket Item 34.

### I. GENTNER'S OBJECTION TO JUDGE MCCARTHY'S DECISION AND ORDER DENYING HER MOTION TO EXTEND THE DISCOVERY DEADLINE

"[W]ith respect to non-dispositive discovery disputes, the magistrate judge is afforded broad discretion which a court should not overrule unless this discretion is clearly abused." *Maxwell v. Becker*, No. 12-CV-864S, 2015 WL 5793403, at *1 (W.D.N.Y. Sept. 30, 2015) (quoting *Germann v. Consolidated Rail Corp.,* 153 F.R.D. 499, 500 (N.D.N.Y .1994)); *see also* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge may reconsider a magistrate judge's decision on a non-dispositive order only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

Here, Judge McCarthy denied Gentner's unopposed request for an extension of the discovery deadline. More specifically, Judge McCarthy found that Gentner had not shown good cause for an extension of the deadline. Docket Item 19 at 3. In his decision denying Gentner's motion for reconsideration, Judge McCarthy noted that despite the CMO's explicit warning that "[a]bsent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended," Gentner "waited until 8:42 p.m. on March 2, 2021 (the fact discovery deadline) to move for an extension, which 'certainly d[id] not aid [her] cause." Docket

4

Item 22 at 4 (quoting *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 n.3 (W.D.N.Y. 2012)).

Gentner argues in her objection that she had granted Navient a 30-day extension to respond to her discovery requests and relied on Navient to request an extension of the court deadlines.  Docket Item 21 at 2.  Gentner says that it was not until February 26, 2021—when Judge McCarthy issued a text order indicating that the March 2, 2021 deadline was still in place—that she "became aware that [Navient]'s counsel did not submit to the Court the letter requesting the 60[-]day extension to the discovery deadline."  *Id.*  According to Gentner, Judge McCarthy's decision and order overlooks the fact that Gentner "relied on the [Navient]'s representation that it would seek an extension for the discovery deadline as meriting sufficient good cause to allow for a modification of the CMO."  *Id.* at 2-3.

But as Judge McCarthy explained, in "grant[ing Navient] a 30-day extension of [its] deadline for responding to her discovery demands . . . without waiting to see whether th[e] court would extend the CMO deadline for completion of fact discovery," Gentner "proceeded at her own risk."  Docket Item 22 at 4; *see also id.* ("A scheduling order entered by a court is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (quoting *Hassoun v. Searls*, 467 F. Supp. 3d 111, 134 (W.D.N.Y. 2020))).  What is more, Gentner well knew that Judge McCarthy explicitly ordered that "**any motion for an extension shall be made *at least one week prior to the deadline* sought to be extended**," Docket Item 9 at 3 (bold in original; italics added), but she waited until just a few hours before the deadline expired to ask for an extension, Docket Item 17.  And while she blames opposing counsel's

5

failure to request an extension and says that she did not realize that opposing counsel had not requested an extension until February 26, Docket Item 21 at 2, she does not explain why she waited until the evening of March 2 to seek relief.

For those reasons, Judge McCarthy's decision was not clearly erroneous. Even crediting Gentner's assertion that she mistakenly thought opposing counsel already had requested an extension, she undisputedly received no confirmation that Judge McCarthy had granted that request. Moreover, by her own admission, she realized on February 26, 2021, that opposing counsel had not in fact submitted the extension request, but she waited until the evening of March 2—the day of the deadline she sought to extend—to file her motion. This Court cannot say that a decision to deny an extension under those circumstances is clear error.

As Judge McCarthy observed, "[s]trict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine." Docket Item 22 at 4 (quoting *Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y. 1997)). And insisting that parties meet strict deadlines for motions to extend may seem unnecessarily rigid as well. But as Judge McCarthy also observed, "if the courts do not take seriously their own scheduling orders who will?" *Id*. (quoting *Carnrite*, 175 F.R.D. at 448).

Thus, this Court overrules Gentner's objection to Judge McCarthy's denial of her motion for an extension of the fact discovery deadline.

6

## II. GENTER'S OBJECTIONS TO THE R&R

### A. Use of an Automatic Telephone Dialing System

Gentner first objects that Judge McCarthy should have waited for this Court to rule on her discovery objection before considering Navient's motion for summary judgment on Gentner's ATDS claim. *See* Docket Item 35 at 2-3. Because this Court now overrules Gentner's discovery objection, that objection is moot. Accordingly, and for the reasons stated in the R&R, this Court adopts Judge McCarthy's recommendation to grant Navient's motion for summary judgment on Gentner's ATDS claim.

### B. Evidence of Prerecorded Calls

Navient argued in its motion for summary judgment that Gentner should be barred from presenting any evidence of prerecorded calls because she had failed to produce such information in discovery. Docket Item 28-1 at 9. Judge McCarthy found that Gentner had properly disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(ii) that she had call recordings in her possession; he also found that because Navient never requested production of the recordings, Gentner had no obligation to produce them prior to trial. Docket Item 34 at 3-4. This Court agrees.

Judge McCarthy further noted that "[w]hile Gentner's Complaint seeks, *inter alia*, statutory damages of $500 per call as well as treble damages, her Rule 26 disclosure stated that '[i]t is undetermined at this time what [her] damages are; as discovery is needed on the number of autodialed calls to [her] cellular telephone and whether or not it is determined that the calls were willful, entitling [her] to treble damages.'" *Id.* at 4 (citations omitted). Judge McCarthy concluded that "since Gentner failed to conduct

7

discovery, her damages will be limited to statutory damages for each prerecorded call in her possession." *Id.*

Gentner now argues that her failure to disclose the specific number of calls—and to calculate her total damages—was "substantially justified." Docket Item 35 at 3-4. *See* Fed.R.Civ.P. 37(c)(1) (explaining that a party that fails to disclose information under Federal Rule of Civil Procedure 26(a) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"). This Court agrees.

At the time Gentner made her initial disclosures, it was premature to provide a final computation of her damages, as she planned to seek discovery. *See* Docket Item 35 at 3-4. And up to this point, she has had no obligation to update those disclosures, as she was waiting for this Court's decision on her appeal of Judge McCarthy's discovery order. *See* Fed.R.Civ.P. 26(e)(1) (explaining that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court"). Thus, this Court finds that Gentner's failure to disclose the full computation of her damages was substantially justified, and the evidence she is permitted to present at trial is not limited by that initial disclosure.[2]

---

[2] As such, this Court need not reach Gentner's argument that her failure to disclose was harmless because Navient has the calls in its possession. *See* Docket Item 35 at 4-6.

That being said, now that Gentner knows that she will not have an opportunity to conduct discovery, she has an obligation to update her disclosures with a computation of her damages based on the evidence of which she is aware. But that evidence may include more than just the recorded calls. For example, Gentner may be planning to rely on the recorded calls supplemented by her own testimony or by other evidence in her possession that she was not required to produce.

Accordingly, this Court modifies Judge McCarthy's recommendation as stated above, and DENIES Navient's motion with respect to Gentner's claim based on pre-recorded calls. Gentner is hereby ordered to update her damages calculation under Rule 26(a)(1)(A)(iii) **within 30 days of this decision and order**.

## **CONCLUSION**

For the reasons stated above and in the R&R, Navient's motion for summary judgment, Docket Item 28, is GRANTED as to Gentner's ATDS claim and DENIED as to Genter's claim regarding pre-recorded calls. Gentner's objection, Docket Item 21, to Judge McCarthy's denial of her motion to extend the deadline for fact discovery is OVERRULED. Gentner is hereby ORDERED to update her damages calculation under Rule 26(a)(1)(A)(iii) **within 30 days of this decision and order**. This Court will schedule a status conference to set a trial date.

SO ORDERED.

Dated:   August 12, 2022
         Buffalo, New York

                                              _/s/ Lawrence J. Vilardo_
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE